UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
SKEET DUNN,

    Plaintiff,

vs.

CARL DUBOIS, sued in his official and
individual capacities,

    Defendant.
-----------------------------------------------------------x

08 CIV. 1846

COMPLAINT

BRIEANT

By and through his counsel, Michael H. Sussman, plaintiff complains of defendant as follows:

I. **PARTIES**

1. Plaintiff, Skeet Dunn, is a resident of the County of Orange and of legal age.

2. Defendant, Carl Dubois, is a resident of the County of Orange, the Sheriff of said County and of legal age.

II. **JURISDICTION**

3. As plaintiff alleges that defendant violated rights provided him by and through the 1st Amendment to the United States Constitution, this Honorable Court has jurisdiction over this action pursuant to 28 U.S.C. sec. 1331, 1343(3) & (4) and 42 U.S.C. secs. 1983 and 1988.

III. **FACTUAL ALLEGATIONS**

4. Plaintiff is currently employed as a Deputy Sheriff.

5. At all times relevant to this lawsuit, plaintiff has well performed his duties as a Deputy Sheriff, providing defendant with no basis or cause for the promulgation of disciplinary

charges against him.

6. Notwithstanding this, in early 2004, Dubois brought charges of misconduct against plaintiff for an off-duty incident for which plaintiff was blameless.

7. Said charges were brought against plaintiff and then pursued for more than three and one half years despite a lack of evidence because of animus defendant felt toward plaintiff on account of the political activities of plaintiff's mother.

8. Plaintiff's mother works, as she long has, for a state legislator and opposed Dubois' election and re-election in a public manner.

9. Defendant Dubois explicitly told plaintiff that he was a political problem for him and that's how he would have to handle him.

10. After bringing disciplinary charges against plaintiff, Dubois learned that the charges were baseless and without evidentiary support.

11. Despite this information, Dubois continued to prosecute the disciplinary charges against plaintiff through November 2007.

12. Said prosecution continued at the instance of defendant Dubois as of April 18, 2007, the final day of evidentiary hearings after which the parties submitted written closing arguments and the arbitrator decided that the charges were baseless and dismissed all of them in a decision rendered on November 2, 2007.

13. Defendant Dubois controlled the timing of the arbitration and protracted the same needlessly as a means of punishing plaintiff.

14. During the last three years, plaintiff has been ranked number 1 on two promotional lists for the position of sergeant.

15. Defendant Dubois has passed plaintiff over for promotion on at least seven occasions, frequently promoting persons without plaintiff's experience and qualifications, in further retaliation against plaintiff for the political activities in which the latter's mother has engaged.

16. Said political opposition to Dubois by plaintiff's mother has been continuing and known to the defendant.

17. Apart from pursuing frivolous charges and failing to promote the plaintiff due to his political animus, Dubois has caused plaintiff to be deprived of assignments and responsibilities commensurate with his capacity, training and demonstrated ability and assigned plaintiff to dead end jobs as further means of punishment and in an effort to force plaintiff to resign from the Sheriff's Department.

18. By dint of these means, defendant has sought to cause, and has caused, plaintiff emotional distress, anxiety, humiliation and damaged plaintiff's professional reputation.

19. By continuing to prosecute plaintiff for off-duty offenses which he knew or had every reason to know were baseless, defendant sought to and did cause plaintiff ongoing damages through the present.

20. Defendant's conduct was malicious and intended to trespass upon the constitutional rights of plaintiff and his mother, that is, the rights to intimate association and political speech and association.

IV. **CAUSE OF ACTION**

21. By and through the conduct alleged, defendant has violated the plaintiff's First Amendment rights of association and speech as made actionable by 42 U.S.C. section 1983.

V. **PRAYER FOR RELIEF**

WHEREFORE, plaintiff prays that this Court accept jurisdiction over this matter, empanel a jury to hear and decide this matter, award to plaintiff and against defendant compensatory and punitive damages with pre- and post-judgment interest and award to plaintiff, enjoin defendant from further retaliating against plaintiff for his own exercise of First Amendment rights, his association with his own mother or his mother's protected expressive activities and against defendant the reasonably incurred attorneys fees and costs arising from this matter.

                                      Respectfully submitted,

                                      Michael H. Sussman [3497]

SUSSMAN & WATKINS
PO BOX 1005
GOSHEN, NEW YORK 10924
(845)-294-3991

COUNSEL FOR PLAINTIFF

Dated: 2/12/08