UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------X

SKEET DUNN,

               Plaintiff,

     -against-

CARL DuBOIS sued in his official and
individual capacities,

              Defendant.

-------------------------------------------------------X

**NOTICE OF MOTION**

Case #:  08 CIV. 1846 (CLB)

     **PLEASE TAKE NOTICE** that upon the Affidavit of Matthew J. Nothnagle,

dated March 21, 2008, and upon all the pleadings and proceedings heretofore had herein,

the undersigned, attorney for defendant, CARL DuBOIS, sued in his official and

individual capacities, will move this Court before the Honorable Charles L. Brieant, at

the United States Courthouse, Southern District of New York, U.S. Courthouse, 300

Quarropas Street, White Plains, New York, on the 15th day of April, 2008, at 9:30

o'clock in the forenoon of that day or as soon thereafter as counsel can be heard for an

Order pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, whereby

Plaintiff's complaint should partially be dismissed on the grounds that (1) certain claims

are barred by the statute of limitations; (2) Plaintiff fails to establish a violation of his

First Amendment rights; and (3) Plaintiff fails to state a claim upon which relief can be

granted, and for such other and further relief as to this Court may seem just and proper.

Dated:  March 21, 2008
        Goshen, New York

                           MATTHEW J. NOTHNAGLE (MN-4162)
                           Senior Assistant County Attorney
                           David L. Darwin

County Attorney
Attorney for Defendant
255-275 Main Street
Goshen, New York  10924
(845) 291-3150

TO:

Michael H. Sussman, Esq.
Sussman & Watkins
Attorney for Plaintiff
P.O. Box 1005
Goshen, New York  10924

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------X

SKEET DUNN,

             Plaintiff,

       -against-

CARL DuBOIS sued in his official and
individual capacities,

             Defendant.
-------------------------------------------------------X

AFFIDAVIT

Case #:  08 CIV. 1846

STATE OF NEW YORK:
             ss:
COUNTY OF ORANGE:

     MATTHEW J. NOTHNAGLE, being duly sworn deposes and says:

     1.     I am a Senior Assistant County Attorney in the office of David L. Darwin,
County Attorney for Orange County, the attorney for Defendant Carl Dubois, and as
such, I am fully familiar with the facts, circumstances and pleadings of this case.

     2.     This Affidavit is submitted in support of the Defendant's Motion to
Dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

     3.     For the reasons stated herein and more fully set forth in the accompanying
Memorandum of Law, Plaintiff's complaint should partially be dismissed on the grounds
that (1) certain claims are barred by the statute of limitations and (2) Plaintiff fails to
establish a First Amendment violation.  The only portion of the Complaint which the
Sheriff does not seek to dismiss at this time is paragraph 15, regarding alleged failure to
promote.

4.     This is a civil rights action pursuant to 42 U.S.C. section 1983.  The action

stems from Plaintiff's employment at the Orange County Sheriff's Office.  Plaintiff

alleges that Defendant Dubois, the Orange County Sheriff, retaliated against him through

various employment actions based on Defendant's animus toward Plaintiff's mother for

her political activities, in violation of Plaintiff's First Amendment rights to association

and speech.

5.     Specifically, Plaintiff alleges that his mother publicly opposed the

Defendant during his election in 2002 and subsequently, during his re-election campaign

in 2006, which gave rise to Defendant's animosity toward Plaintiff's mother.  Plaintiff

alleges that this animosity caused Defendant to instigate "baseless" disciplinary charges

for misconduct against Plaintiff and further, caused Defendant to fail to promote him.

(Complaint ¶¶ 5-8, 15).

6.     Further, Plaintiff alleges that Defendant deprived him of preferable

assignments and responsibilities and instead, assigned him to "dead end" positions.

(Complaint ¶ 17).

7.     Plaintiff commenced this action for compensatory and punitive damages

on or about February 25, 2008 with the service of a Summons and Complaint.  The

summons and complaint was served on March 3, 2008.  A copy of the Complaint is

annexed hereto as Exhibit "A".

8.     As set forth in the Defendant's Memorandum of Law, Plaintiff's claims

relative to the disciplinary charges should be dismissed as barred by the Statute of

Limitations.

2

9.      Plaintiff concedes in the complaint that he received notice of the disciplinary charges in early 2004. (Complaint ¶ 6). As the present action was filed on or about February 25, 2008, the claims regarding the disciplinary charges are beyond the three-year statute of limitations in New York State.

10.     Additionally, Plaintiff fails to particularize the dates of the alleged unsatisfying job assignments. As this Court cannot determine whether the claims are within the statute of limitations based upon the pleadings, these claims should also be dismissed as time-barred.

11.     Moreover, even if this Court were to review the merits of Plaintiff's claim concerning his assignments, Plaintiff's allegations are insufficient to establish a violation of the First Amendment as Plaintiff's mere conclusions that his assignments were "dead end" cannot, standing alone, establish an adverse employment action as necessary in First Amendment retaliation cases. As such, this Defendant's Motion to Dismiss should be granted in all respects.

**WHEREFORE,** it is respectfully requested that this Court grant the Defendant's Motion to Dismiss in its entirety and grant such other and further relief as this Court deems just and proper.

Matthew J. Nothnagle (MN-4162)
Senior Assistant County Attorney

Sworn to before me this
21st day of March, 2008

Notary Public

ESTRELLA J. RODRIGUEZ
NOTARY PUBLIC, State of New York
No. 4713739
Qualified in Orange County
Commission Expires ___1 / 31 / 11___

3

EXHIBIT A

AO 440 (Rev 8/01) Summons in a Civil Action

# UNITED STATES DISTRICT COURT

| Southern | District of | New York |

SKEET DUNN,

Plaintiff,

V.

CARL DuBOIS, sued in his individual and
personal capacities,  Defendant

## SUMMONS IN A CIVIL ACTION

CASE NUMBER:

# 08 CIV. 1846

# BRIEANT

TO: (Name and address of Defendant)

Carl DuBois
Orange County Jail
Goshen, NY 10924

**YOU ARE HEREBY SUMMONED** and required to serve on PLAINTIFF'S ATTORNEY (name and address)

MICHAEL H. SUSSMAN, ESQ.
SUSSMAN & WATKINS
PO BOX 1005
GOSHEN, NY 10924

an answer to the complaint which is served on you with this summons, within ____TWENTY (20)____ days after service
of this summons on you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you
for the relief demanded in the complaint. Any answer that you serve on the parties to this action must be filed with the
Clerk of this Court within a reasonable period of time after service.

# J. MICHAEL McMAHON

FEB 2 5 2008

CLERK

DATE

(By) DEPUTY CLERK

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------x
SKEET DUNN,

       Plaintiff,

vs.

CARL DUBOIS, sued in his official and
individual capacities,

       Defendant.
-------------------------------------------------------x

**COMPLAINT**

**08 CIV. 1846**

**BRIEANT**

    By and through his counsel, Michael H. Sussman, plaintiff complains of defendant

as follows:

## I. **PARTIES**

    1. Plaintiff, Skeet Dunn, is a resident of the County of Orange and of legal age.

    2. Defendant, Carl Dubois, is a resident of the County of Orange, the Sheriff of said

County and of legal age.

## II. **JURISDICTION**

    3. As plaintiff alleges that defendant violated rights provided him by and through the 1st

Amendment to the United States Constitution, this Honorable Court has jurisdiction over this

action pursuant to 28 U.S.C. sec. 1331, 1343(3) & (4) and 42 U.S.C. secs. 1983 and 1988.

## III. **FACTUAL ALLEGATIONS**

    4. Plaintiff is currently employed as a Deputy Sheriff.

    5. At all times relevant to this lawsuit, plaintiff has well performed his duties as a

Deputy Sheriff, providing defendant with no basis or cause for the promulgation of disciplinary

charges against him.

6. Notwithstanding this, in early 2004, Dubois brought charges of misconduct against plaintiff for an off-duty incident for which plaintiff was blameless.

7. Said charges were brought against plaintiff and then pursued for more than three and one half years despite a lack of evidence because of animus defendant felt toward plaintiff on account of the political activities of plaintiff's mother.

8. Plaintiff's mother works, as she long has, for a state legislator and opposed Dubois' election and re-election in a public manner.

9. Defendant Dubois explicitly told plaintiff that he was a political problem for him and that's how he would have to handle him.

10. After bringing disciplinary charges against plaintiff, Dubois learned that the charges were baseless and without evidentiary support.

11. Despite this information, Dubois continued to prosecute the disciplinary charges against plaintiff through November 2007.

12. Said prosecution continued at the instance of defendant Dubois as of April 18, 2007, the final day of evidentiary hearings after which the parties submitted written closing arguments and the arbitrator decided that the charges were baseless and dismissed all of them in a decision rendered on November 2, 2007.

13. Defendant Dubois controlled the timing of the arbitration and protracted the same needlessly as a means of punishing plaintiff.

14. During the last three years, plaintiff has been ranked number 1 on two promotional lists for the position of sergeant.

15. Defendant Dubois has passed plaintiff over for promotion on at least seven occasions, frequently promoting persons without plaintiff's experience and qualifications, in further retaliation against plaintiff for the political activities in which the latter's mother has engaged.

16. Said political opposition to Dubois by plaintiff's mother has been continuing and known to the defendant.

17. Apart from pursuing frivolous charges and failing to promote the plaintiff due to his political animus, Dubois has caused plaintiff to be deprived of assignments and responsibilities commensurate with his capacity, training and demonstrated ability and assigned plaintiff to dead end jobs as further means of punishment and in an effort to force plaintiff to resign from the Sheriff's Department.

18. By dint of these means, defendant has sought to cause, and has caused, plaintiff emotional distress, anxiety, humiliation and damaged plaintiff's professional reputation.

19. By continuing to prosecute plaintiff for off-duty offenses which he knew or had every reason to know were baseless, defendant sought to and did cause plaintiff ongoing damages through the present.

20. Defendant's conduct was malicious and intended to trespass upon the constitutional rights of plaintiff and his mother, that is, the rights to intimate association and political speech and association.

IV. **CAUSE OF ACTION**

21. By and through the conduct alleged, defendant has violated the plaintiff's First Amendment rights of association and speech as made actionable by 42 U.S.C. section 1983.

## V. **PRAYER FOR RELIEF**

WHEREFORE, plaintiff prays that this Court accept jurisdiction over this matter,

empanel a jury to hear and decide this matter, award to plaintiff and against defendant compen-

satory and punitive damages with pre- and post-judgment interest and award to plaintiff, enjoin

defendant from further retaliating against plaintiff for his own exercise of First Amendment

rights, his association with his own mother or his mother's protected expressive activities  and

against defendant the reasonably incurred attorneys fees and costs arising from this matter.

Respectfully submitted,

Michael H. Sussman [3497]

SUSSMAN & WATKINS
PO BOX 1005
GOSHEN, NEW YORK 10924
(845)-294-3991

COUNSEL FOR PLAINTIFF

Dated: 2/12/08