## TABLE OF CONTENTS

<u>PAGE</u>

PRELIMINARY STATEMENT                                          1

FACTS                                                          1

    POINT I

        STANDARD OF REVIEW                              3

    POINT II

        PLAINTIFF'S FIRST AMENDMENT CLAIMS
        CONCERNING DISCIPLINARY CHARGES LEVIED
        AGAINST HIM IN 2004 ARE BARRED BY THE
        STATUTE OF LIMITATIONS                          4

    POINT III

        PLAINTIFF'S ALLEGATIONS CONCERNING
        RETALIATORY ACTS WITH NO PARTICULARIZED
        DATES SHOULD BE DISMISSED AS TIME-BARRED
        BY THE STATUTE OF LIMITATIONS                   6

    POINT IV

        PLAINTIFF FAILS TO ESTABLISH A FIRST
        AMENDMENT VIOLATION RELATIVE TO
        RETALIATORY ACTS CONCERNING HIS
        ASSIGNMENTS AND RESPONSIBILITIES                7

CONCLUSION                                                     9

## TABLE OF AUTHORITIES

PAGE

### Federal Statutes

42 U.S.C. §1983 ................................................................................................. 1

### Federal Cases

*Bell Atlantic Corporation v. Twombly*, 127 S.Ct. 1955 (2007) ........................... 3

*Blum v. Schlegel,* 18 F.3d 1005 (2d Cir. 1994) .................................................. 7

*Chambers v. Time Warner, Inc.*, 282 F.3d 147 (2d Cir. 2002) ........................... 4

*Chardon v. Fernandez,* 454 U.S. 6, 8, 102 S.Ct. 28, 70 L.Ed.2d 6 (1981) ......... 5

*Chittenden v. Connors,* 460 F. Supp.2d 463 (S.D.N.Y. 2006)…………………………5

*Conley v. Gibson,* 355 U.S. 41 (1957) ............................................................... 3

*Cortec Industries, Inc. v. Sum Holding L.P.* 949 F.2d 42 (2d Cir. 1991) ........... 4

*Eng v. New York City Police Dept.*, 1996 WL 521421 (S.D.N.Y. 1996)          7

*Galabya v. New York City Bd. of Education,* 202 F.3d 636, 640 (2d Cir. 2000) ............... 8

*Garber v. NYC Police Dept.*, 95 Civ. 2516 (JFL) 1997 WL 525396 (S.D.N.Y. Aug. 22, 1997), *aff'd.*, 159 F.3d 1346 (2d Cir. 1998) .................................................. 8

*Hanig v. Yorktown Central School District*, 04-Civ-8628(WCC), 2005 WL 2123800, *9 (S.D.N.Y. Sept. 2, 2005) ............................................................. 3, 4

*Martin v. New York State Dep't of Mental Hygiene*, 588 F.2d 371 (2d Cir.1978).............. 3

*Mt. Healthy City School Dist. Bd. of Educ. v. Doyle,* 429 U.S. 274 97 S.Ct. 568, 50 L.Ed.2d 471 (1977) ...................................................................... 7

*Patterson v. County of Oneida*, N.Y., 375 F.3d 206 (2d Cir. 2004) .................... 5

*Rutan v. Republican Party of Illinois*, 497 U.S. 62, 110 S.Ct. 2729, 111 L.Ed.2d 52 (1990) ...................................................................................... 7

*Sheppard v. Beerman*, 94 F.3d 823 (2d Cir. 1996) ........................................... 7

*Singleton v. New York*, 632 F.2d 185 (2d Cir. 1980) ......................................... 5

*Valentine v. Standard & Poor's*, 50 F.Supp.2d 262 (S.D.N.Y. 1999) ................................ 8

*Veal v. Geraci*, 23 F.3d 722 (2d Cir. 1994) ......................................................................... 5

## PRELIMINARY STATEMENT

In this civil rights action pursuant to 42 U.S.C. §1983, Plaintiff Skeet Dunn alleges that the Defendant Carl Dubois, sued in his official and individual capacities, violated his First Amendment rights to association and speech. (Complaint, ¶ 21). Specifically, Plaintiff alleges that Defendant Dubois (1) promulgated baseless disciplinary charges against him (Complaint, ¶¶ 5-6); (2) passed him over for promotions (Complaint, ¶ 15); and (3) deprived him of assignments and responsibilities commensurate with his capacity and instead, assigned him to "dead end" jobs in retaliation for political activities engaged in by Plaintiff's mother who purportedly opposed Defendant Dubois' election and re-election in 2002 and 2006 respectively. (Complaint, ¶¶ 7-8, 17).

Defendant moves for an Order dismissing the Complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure for failing to state a claim upon which relief may be granted. For the reasons stated herein, this Court should grant an Order partially dismissing the Complaint as Plaintiff's claims concerning the disciplinary charges and assignments are barred by the statute of limitations. Moreover, Plaintiff's allegations concerning his job assignments are insufficient to establish an adverse employment action which is necessary in First Amendment retaliation cases and therefore, fail to state a claim upon which relief can be granted.

## FACTS

This action was brought against Defendant Carl Dubois, the Orange County Sheriff in his official and individual capacities. The action stems from Plaintiff's

employment at the Orange County Sheriff's Office as a Deputy Sheriff. (Complaint, ¶ 4). While employed as a Deputy Sheriff, Plaintiff alleges that Defendant Sheriff Dubois levied disciplinary charges of misconduct against him for an off-duty incident in early 2004. Plaintiff alleges that the charges were baseless and were predicated on Defendant Dubois' animosity toward Plaintiff's mother. According to the complaint, Plaintiff's mother opposed Defendant's election and re-election in a public manner. (Complaint, ¶ 8). There are no allegations contained in the complaint that Defendant Dubois' alleged improper motive was based on any actions taken by Plaintiff. Moreover, there is no dispute that the disciplinary charges were issued in 2004.

Aside from the claims relative to the 2004 disciplinary charges, the complaint further alleges that during the last three years of Plaintiff's employment with the Sheriff's Office, Defendant Dubois retaliated against Plaintiff, again allegedly due to the animus felt toward his mother, by passing Plaintiff over for promotions on at least seven occasions. (Complaint, ¶¶ 14-15).

Finally, the complaint alleges that Defendant Dubois deprived the Plaintiff of assignments and responsibilities commensurate with his capacity and training. (Complaint, ¶ 17). Defendant Dubois allegedly assigned Plaintiff to "dead end" jobs to force Plaintiff to resign from the Department. (Complaint, ¶ 17). However, Plaintiff fails to allege any material difference between the varying assignments save his own conclusory statements that they were "dead end" assignments. Moreover, Plaintiff fails to particularize the dates when such deprivation of assignments and responsibilities occurred.

As argued below, an Order partially dismissing the complaint should be granted for failing to state a viable cause of action as the statute of limitations bars several claims asserted by Plaintiff.    Furthermore, Plaintiff fails to establish a First Amendment violation relative to his deprivation of assignments claim.

## POINT I

### STANDARD OF REVIEW

In considering a motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6), the Supreme Court held in *Bell Atlantic Corporation v. Twombly,* 127 S.Ct. 1955, 1968-1969 (2007), that the factual allegations contained in the complaint "must be enough to raise a right to relief above the speculative level [to a plausible level]."    In other words, there must be "plausible grounds to infer [actionable conduct]" or "enough fact to raise a reasonable expectation that discovery will reveal evidence of [actionable conduct]." *Bell Atlantic,* at 1965, *reversing Conley v. Gibson,* 355 U.S. 41, 45-46 (1957) which held that "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."

Though the court must accept as true all factual allegations contained in the complaint and draw all reasonable inferences in favor of plaintiff, "[a]llegations that are so conclusory that they fail to give notice of the basic events and circumstances of which the plaintiff complains are insufficient as a matter of law." *Hanig v. Yorktown Central School District,* 04-Civ-8628(WCC), 2005 WL 2123800, *9 (S.D.N.Y. Sept. 2, 2005) (*citing Martin v. New York State Dep't of Mental Hygiene*, 588 F.2d 371, 372 (2d

3

Cir.1978)). Generally, "[c]onclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss." *Hanig*, 2005 WL 2123800, *9 (*quoting* 2 James Wm. Moore et al, *Moore's Federal Practice* §12.34[1][b] (3d ed.1997)).

In evaluating the legal sufficiency of a complaint, the court is permitted to consider documents that are attached to the complaint, incorporated in the complaint by reference, or heavily relied on by plaintiff in drafting the complaint. *See Chambers v. Time Warner, Inc.*, 282 F.3d 147 (2d Cir. 2002); *Cortec Industries, Inc. v. Sum Holding L.P.* 949 F.2d 42, (2d Cir. 1991).

Accepting as true all the factual allegations contained in the complaint, Plaintiff's claims concerning the disciplinary charges against him as well as claims involving his job assignments should be dismissed as a matter of law.  These claims are barred by the statute of limitations, because they are either 1) beyond the three year period in New York state to commence a section 1983 claim; or 2) devoid of facts as to the dates of the allegations.  Thus, the Court should find that those claims are beyond the statute of limitations.

Additionally, Plaintiff's factual allegations relative to his job assignments are not sufficient to establish a violation of Plaintiff's First Amendment rights.

## POINT II

## PLAINTIFF'S FIRST AMENDMENT CLAIMS CONCERNING DISCIPLINARY CHARGES LEVIED AGAINST HIM IN 2004 ARE BARRED BY THE STATUTE OF LIMITATIONS

In the State of New York, the statute of limitations for claims brought under section 1983 is three years. *Patterson v. County of Oneida, N.Y.,* 375 F.3d 206, 225 (2d Cir. 2004). Though state law governs the statute of limitations, Federal law governs the accrual of claims under section 1983. *Veal v. Geraci,* 23 F.3d 722, 724 (2d Cir. 1994). Under federal law, a claim accrues once Plaintiff "knows or has reason to know of the injury which is the basis of his action." *Veal, supra,* (quoting *Singleton v. New York,* 632 F.2d 185, 191 (2d Cir. 1980))( internal quotations omitted). To determine when the statute begins to run, the Court must focus on the time of the unconstitutional act or wrong that is the basis of Plaintiff's action. *Chardon v. Fernandez,* 454 U.S. 6, 8, 102 S.Ct. 28, 70 L.Ed.2d 6 (1981).

In *Chittenden v. Connors,* 460 F. Supp.2d 463 (S.D.N.Y., 2006), the plaintiff, a police officer, commenced a section 1983 action against the City of Rye and the Police Commissioner alleging that disciplinary charges preferred against him was in retaliation for speaking out as the Police Union president, in violation of his First Amendment rights. Defendants moved to dismiss the complaint on the ground that the claims were time-barred. The Court, in dismissing the complaint, held that the statute of limitations on Plaintiff's section 1983 claims began to run on the day the disciplinary charges were served on Plaintiff. *Chittenden,* at 465-466.

The facts of *Chittenden* are precisely on point with the present action. As part of his First Amendment claims, Plaintiff alleges that Defendant Dubois commenced baseless disciplinary charges against him in early 2004, in retaliation for activities of Plaintiff's mother who purportedly opposed Defendant Dubois' election and re-election.

5

(Complaint, ¶¶ 5-8). As the complaint acknowledges, Plaintiff became aware of the disciplinary charges filed against him in early 2004. (Complaint, ¶ 6). Moreover, Plaintiff was aware of Defendant Dubois' purported animosity toward his mother prior to the imposition of the disciplinary charges as the animosity apparently arose during the Defendant's election period in 2002. (Complaint, ¶ 8). Thus, in light of Plaintiff's allegation that the disciplinary charges were brought in early 2004, the time for Plaintiff to commence his section 1983 action based on these disciplinary charges was, at the latest, the end of 2007. There is no dispute that the present action was commenced in February of 2008. As such, Plaintiff is clearly beyond the three-year time period to commence a section 1983 action based on the disciplinary charges preferred in 2004.

Where, as here, Plaintiff's First Amendment claims arise from disciplinary charges levied against him in 2004, these claims are clearly beyond the three-year statute of limitations for a section 1983 claim and should therefore be dismissed from the complaint.

## POINT III

### PLAINTIFF'S ALLEGATIONS CONCERNING RETALIATORY ACTS WITH NO PARTICULARIZED DATES SHOULD BE DISMISSED AS TIME-BARRED BY THE STATUTE OF LIMITATIONS

In addition to his claims related to the 2004 disciplinary charges, Plaintiff alleges that Defendant Dubois deprived Plaintiff of "assignments and responsibilities commensurate with his capacity...and assigned plaintiff to dead end jobs as further means of punishment and in an effort to force plaintiff to resign from the Sheriff's Department." (¶ 17). Plaintiff, however, fails to allege any dates or time frame as to

6

when these alleged retaliatory acts occurred.  In *Eng v. New York City Police Dept.,* 1996 WL 521421 (S.D.N.Y., 1996), the court held that Plaintiff's failure to particularize the dates of alleged discriminatory acts prevented it from determining the timeliness of Plaintiff's claims and therefore, held that the claims were time-barred. *Eng* at *6.

Similarly, since Plaintiff failed to allege when Defendant Dubois deprived him of assignments and responsibilities, as well as the specifics of such deprivation, this Court cannot determine on the face of the complaint, whether the claims concerning these alleged retaliatory acts occurred. Based on this failure, like *Eng, supra,* Plaintiff's claims should be dismissed as time-barred.

## POINT IV

### PLAINTIFF FAILS TO ESTABLISH A FIRST AMENDMENT VIOLATION RELATIVE TO RETALIATORY ACTS CONCERNING HIS ASSIGNMENTS AND RESPONSIBILITIES

To prevail on a First Amendment retaliation claim, Plaintiff must establish that he engaged in activity protected by the First Amendment, that the employment actions taken against him were adverse, and that they were in retaliation for Plaintiff's protected activities. See *Rutan v. Republican Party of Illinois*, 497 U.S. 62, 110 S.Ct. 2729, 111 L.Ed.2d 52 (1990); *Mt. Healthy City School Dist. Bd. of Educ. v. Doyle*, 429 U.S. 274, 283-87, 97 S.Ct. 568, 50 L.Ed.2d 471 (1977); *Blum v. Schlegel*, 18 F.3d 1005, 1010 (2d Cir. 1994).  The speech must be "at least a substantial or motivating factor in the employer's adverse employment action." *Sheppard v. Beerman,* 94 F.3d 823, 827 (2d Cir. 1996)(*quoting Frank v. Relin*, 1 F.3d 1317, 1328 (2d Cir. 1993)).

7

Plaintiff fails to establish that he suffered an adverse employment action with regard to his assignments and responsibilities as referenced in the complaint.

An adverse employment action occurs if Plaintiff sustains "a materially adverse change" in the terms and conditions of his employment. *See Galabya v. New York City Bd. of Education*, 202 F.3d 636, 640 (2d Cir. 2000)(*citing Richardson v. NYS Dep't of Correctional Serv.*, 180 F.3d 426, 446 (2d Cir. 1999)). "While adverse employment actions extend beyond readily quantifiable losses, not everything that makes an employee unhappy is an actionable adverse action." *Valentine v. Standard & Poor's*, 50 F.Supp.2d 262, 284 (S.D.N.Y. 1999) (citations omitted). Plaintiff offers no evidence, save his own unsupported, conclusory statements that he was assigned "dead end" jobs, to support his contentions. The complaint does not allege that the deprivation of assignments or responsibilities affected Plaintiff's salary nor does it allege that it affected his benefits or title. The complaint is further devoid of any allegation that the assignments or responsibilities allegedly lost by Plaintiff were required for further advancement. Plaintiff's mere dislike or personal characterization of his job assignments and responsibilities do not establish a First Amendment violation.

Even assuming, as Plaintiff suggests, that other assignments were more prestigious, assignment to a "less prestigious" post is not an adverse employment action absent the loss of a concrete benefit. *See Garber v. NYC Police Dept.*, 95 Civ. 2516 (JFL) 1997 WL 525396 (S.D.N.Y. Aug. 22, 1997), *aff'd.*, 159 F.3d 1346 (2d Cir. 1998)(transfer from Chaplain Unit to recruitment section, while possibly resulting in a loss of prestige, does not amount to an adverse action on that basis alone.) Plaintiff will

therefore be unable to establish that he suffered a loss of a benefit of any consequence by virtue of his assignments. As a result, the allegation that Defendant's alleged deprivation of certain assignments and responsibilities violated Plaintiff's First Amendment rights should be dismissed.

## CONCLUSION

For the foregoing reasons, Defendant's Motion to Dismiss should be granted in its entirety, partially dismissing Plaintiff's complaint, for failing to state a claim upon which relief can be granted, and because Plaintiff failed to file the action in a timely manner.

March 21, 2008
Goshen, New York

_____
Matthew J. Nothnagle (MN-4162)
Senior Assistant County Attorney

9