UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
SKEET DUNN,                                            08 CIV 01846 (CLB)

    Plaintiff,                                         PLAINTIFF'S MEMORANDUM
                                                        OF LAW IN OPPOSITION TO
                                                        DEFENDANT'S MOTION FOR
vs.                                                 "PARTIAL DISMISSAL"

CARL DUBOIS, sued in his official and
individual capacities,

    Defendant.
------------------------------------------------------------x

## I. INTRODUCTION

Despite the filing of a Complaint which plainly advises defendant of the matters about which he is being sued, defendant has moved for "partial dismissal" of the Complaint, arguing that he initiated the disputed disciplinary charges more than three years before the filing of the complaint and that the allegations of dead end assignments cannot state a claim.  As these grounds for dismissal are frivolous and as the Complaint provides defendant basic notice of all the claims being asserted against him, the motion should be denied and a Rule 16 scheduling conference should be scheduled and held.

## II. THE ALLEGATIONS OF THE COMPLAINT

A.  **MAINTENANCE OF BASELESS DISCIPLINARY CHARGES**

Plaintiff, Skeet Dunn, is a resident of the County of Orange and of legal age. Defendant, Carl Dubois, is a resident of the County of Orange, the Sheriff of said County and of legal age. Plaintiff is currently employed as a Deputy Sheriff. Plaintiff's mother works, as she long has, for a state legislator and opposed Dubois' election and re-election in a public manner.   Said political opposition to Dubois by plaintiff's mother has been continuing and known to the defendant. [1]

At all times relevant to this lawsuit, plaintiff has well performed his duties as a Deputy Sheriff, providing defendant with no basis or cause for the promulgation of disciplinary charges against him.  Notwithstanding this, in early 2004, Dubois brought charges of misconduct against plaintiff for an off-duty incident for which plaintiff was blameless.   Said charges were brought against plaintiff **and then pursued for more than three and one half  years despite a lack of evidence because of animus defendant felt toward plaintiff on account of the political activities of his mother.**

Defendant Dubois explicitly told plaintiff that he was a political problem for him and that's how he would have to handle him.

After bringing disciplinary  charges against plaintiff, Dubois learned that the charges were baseless and without evidentiary support.   Despite this

---

1 While noting that plaintiff claims retaliation based upon his mother's protected activities, defendant has not moved to dismiss on this ground.

information, Dubois continued to prosecute the disciplinary charges against plaintiff through November 2007. Said prosecution continued at the instance of defendant Dubois as of April 18, 2007, the final day of evidentiary hearings after which the parties submitted written closing arguments. The arbitrator dismissed all charges in a decision rendered November 2, 2007.

Defendant Dubois controlled the timing of the arbitration and protracted the same needlessly as a means of punishing plaintiff.

### B. **DENIAL OF PLAINTIFF'S PROMOTIONAL OPPORTUNITIES**

During the last three years, plaintiff has been ranked number 1 on two promotional lists for the position of sergeant. Defendant Dubois has passed plaintiff over for promotion on at least seven occasions, frequently promoting persons without plaintiff's experience and qualifications, allegedly in further retaliation for the political activities in which plaintiff's mother has engaged.

### C. **RETALIATORY TERMS AND CONDITIONS**

Apart from pursuing frivolous charges and failing to promote the plaintiff due to his political animus, Dubois has deprived plaintiff of assignments and responsibilities commensurate with his capacity, training and demonstrated ability and assigned plaintiff to dead end jobs as further means of punishment and in an effort to force plaintiff to resign from the Sheriff's Department.

On the bases of these acts/omissions, plaintiff alleges that defendant has sought to cause, and has caused, him emotional distress, anxiety, humiliation and damaged his professional reputation.  Plaintiff further alleges that by continuing to prosecute him for off-duty offenses which he knew or had every reason to know were baseless, defendant sought to, and did, cause plaintiff ongoing damages.  Defendant's conduct, plaintiff finally alleges, was malicious and intended to trespass upon the constitutional rights of plaintiff and his mother, that is, the rights to intimate association and political speech as protected by the First Amendment and made actionable against defendant by 42 U.S.C. section 1983.

   III. **LEGAL ARGUMENT**

  A. **DEFENDANT HAS PLAIN NOTICE OF THE PLAINTIFF'S CLAIMS**

It is well-settled that "an employment discrimination complaint...must contain only 'a short and plain statement of the claim showing that the pleader is entitled to relief.'" Swierkiewicz v. Sorema N.A., 534 U.S. 506, 508 (2002), citing F.R.Civ.P. 8(a)(2).  The Supreme Court has rejected the notion that the Federal Rules contain a heightened pleading requirement for any claims, particularly for employment discrimination, that are not enumerated in Fed.R.Civ.P. 9(b). Swierkiewicz, 534 U.S. at 514-15.  "This simplified notice pleading standard relies on liberal discovery rules and summary judgment motions to define disputed facts and issues and to dispose of unmeritorious claims." Swierkiewicz, 534 U.S.

at 512; <u>Leatherman v. Tarrant County Narcotics Intelligence & Coordinators Unit</u>, 507 U.S. 163, 168-69 (1993), "Given the Federal Rules' implied standard for pleading, `[a] court may dismiss a complaint only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations.'" <u>Swierkiewicz</u>, 534 U.S. at 514(quoting <u>Hishon v. King & Spaulding</u>, 467 U.S. 69, 73 (1984); <u>see also</u>, <u>Phelps v. Kapnolas</u>, 308 F.3d 180, 186 (2d Cir. 2002). "Thus, a complaint is sufficient if it gives `"fair notice of what the plaintiff's claim is and the grounds upon which it rests.'" <u>Phelps</u>, 308 F.3d at 186. If a defendant does not believe a complaint provides sufficient notice of its claims, it can move for a more definite statement under Rule 12(e) before responding. Defendant has not so proceeded.

Applying these principles here, the Complaint plainly advises this defendant of what he allegedly knew already: that he has engaged in a witch-hunt against the plaintiff because of the political affiliation and activities of his mother.

B. **<u>THE COMPLAINT IS NOT TIME BARRED</u>**

The plaintiff asserts that within the statute of limitations period, three years before the filing date of the Complaint, Dubois became aware that the disciplinary charges against plaintiff were baseless and did not dismiss them voluntarily because he wished to prolong the punishment inflicted by their pendency upon plaintiff. As the complaint makes clear that this occurred within

the prior three years, it is plainly actionable and should not be dismissed.

The constitutional wrong here is defendant's ongoing retaliation against the plaintiff: one aspect of that wrongdoing was defendant's refusal to drop the disciplinary charges despite his knowledge that they were without evidentiary support, baseless and, indeed, frivolous.

In support of his motion to dismiss the claims relating to the disciplinary charges as "time barred," defendant cites one case, Chittenden v. Connors, 460 F.Supp.2d 463 (S.D.N.Y. 2006), which he claims is "on all fours". But, this is plainly note accurate. In Chittenden, plaintiff complained about and solely about [as relevant to this issue, at least] the initiation of disciplinary charges against him. Here, the Complaint makes very clear that plaintiff complains about the maintenance of the disciplinary charges after it became clear that the charges lacked any evidentiary support and were, in fact, baseless. Indeed, the Complaint specifically states that "after bringing disciplinary charges against plaintiff, Dubois learned that the charges were baseless and without evidentiary support." See, Complaint, para. 10. The Complaint avers that "[d]espite this information, Dubois continued to prosecute the disciplinary charges against plaintiff through November 2007." Id., para. 11.

A simple example demonstrates the fallacy in defendant's current argument:

assume that a defendant commences a disciplinary proceeding in good faith under the belief that reasonable facts support the same. Assume further that in time, the proponent of the charges learns that the charges are baseless but decides to continue the charges because of protected speech a plaintiff has engaged in. The continued processing of the charges would be wrongful, particularly if, as is alleged here, the pendency of the charges, now confirmed as baseless, damages plaintiff.

In <u>Chittenden</u>, <u>supra,</u> Judge McMahon repeatedly noted that the complaint takes issue only the initiation of the charges and makes no claim, as here, that after the charges were initiated, their maker came to understand that the charges were frivolous and maintained them in retaliation for constitutionally protected activity.[2] As the latter is the heart of plaintiff's current claim and as that claim is fact-intensive and cannot be resolved as a matter of law, that aspect of the instant motion should be denied.

Nor are the damages which stem from preferment of disciplinary charges the same as those from the long maintenance of such charges after a proponent has reason to know the charges are baseless. As in <u>Chittendon</u>, <u>supra.</u>, the mere

---

2  In describing the plaintiff's claims, Judge McMahon describes the alleged retaliation as "(1) **preferring** disciplinary charges against plaintiff..." In summarizing plaintiff's causes of action, Judge McMahon writes, "the first three are the same cause of action: a claim that the preferment of disciplinary charges...have worked a violation of plaintiff's First Amendment rights." <u>See</u>, <u>supra.</u> at 464-465. This is not a fair statement of plaintiff's claim in the instant suit.

pendency of such charges can preclude a person from being promoted and the extent of that injury is not knowable at the time such charges are initiated. Cf., Veal v. Geraci, 23 F.3d 722 (2d Cir. 1994).

### C. **PLAINTIFF'S COMPLAINT NEED NOT OFFER EVIDENCE IN SUPPORT OF EVERY LEGAL CONCLUSION**

In his Complaint, plaintiff provided notice to defendant that part of the complained of retaliation was his assignment to dead end positions for the purpose of **frustrating** plaintiff and causing him to resign. In response, rather than propounding **discovery**, defendant moves to dismiss. In support, defendant tellingly writes, "Plaintiff offers no evidence, save his own unsupported, conclusory statements, that he was assigned "dead-end" jobs to support his contention." **See**, Defendant's Memorandum of Law at 8. This formulation belies defendant's apparent ignorance of the pleading rules.

The issue at this stage of the litigation is "not whether a plaintiff is likely to prevail, but whether he is entitled to offer evidence to support his claims." Cohane v. National Collegiate Athletic Assn ex rel. Brand, 2007 WL 247710, at *1 (2d Cir. 1,25,07).

A complaint is not be dismissed for failure to state a claim "unless is appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Padavan v. United States, 82 F.3d 23, 26

(2d Cir. 1996)(quoting Hughes v. Rowe, 449 U.S. 5, 10 (1980)). "This rule applies with particular force where the plaintiff alleges civil rights violations..." Cohane, 2007 WL 244710, at *1.

A complaint is not the occasion for plaintiff to offer "evidence" to support his contentions. Rather, its function is to inform defendant of plaintiff's claims and conclusions.

Arguing fact intensively at this stage of the litigation whether or not plaintiff can prove this contention is fruitless and represents misplaced energy. Defendant is obviously advised of plaintiff's claims and disagrees with them. The discovery process will allow both parties to further understand the claims and defenses.

## **CONCLUSION**

Accordingly, defendant's motion to dismiss based on plaintiff's failure now to *prove* the allegations in his Complaint should be dismissed and the matter set down for a Rule 16 conference.

Respectfully submitted,

Michael H. Sussman [3497]

SUSSMAN & WATKINS
PO BOX 1005
GOSHEN, NEW YORK 10924
(845)-294-3991

COUNSEL FOR PLAINTIFF

Dated: 3/30/08