TABLE OF AUTHORITIES

**PAGE**

Federal Cases

*Bell Atlantic Corp. v. Twombly*, --- U.S. ----, 127 S.Ct. 1955, 1964 (2007)   1, 3

*Chardon v. Fernandez*, 454 U.S. 6, 8, 102 S.Ct. 28, 70 L.Ed.2d 6 (1981)   5

*Chittenden v. Connors*, 460 F.Supp.2d 463   5, 7

*Eng v. New York City Police Dept.*, 1996 WL 521421 *6 (S.D.N.Y., 1996)   5

*Iqbal v. Hasty*, 490 F.3d 143, 157-58 (2d Cir.2007)   2

*Jones v. Goord*, 935 F.Supp.2d 221   6

*Konits v. Valley Stream Cent. High School Dist.*, 394 F.3d 121, 124 (2d. Cir. 2005)   2

*Lightfoot v. Union Carbide Corp.*, 110 F.3d 898, 907 (2d Cir.1997)   6, 7

*Morris v. Lindau*, 196 F.3d 102 (2d. Cir. 1999)   2

*Noyer v. Viacom*, 22 F.Supp.2d 301   2

*Renaldi v. Manufacturers and Traders Trust Co.*, 954 F.Supp.2d 614, 618 (W.D.N.Y. 1992)   2

## TABLE OF CONTENTS

|  | PAGE |
|---|---|
| TABLE OF AUTHORITIES | i |
| PRELIMINARY STATEMENT | 1 |
| STATEMENT OF FACTS | 1 |
| LEGAL ARGUMENT | 1 |
| POINT I | |
| PLAINTIFF FAILS TO SUFFICIENTLY ALLEGE A CAUSE OF ACTION FOR A FIRST AMENDMENT VIOLATION RELATIVE TO RETALIATORY ACTS CONCERNING HIS ASSIGNMENTS AND RESPONSIBILITIES | 1 |
| POINT II | |
| PLAINTIFF'S CLAIMS CONCERNING THE DISCIPLINARY CHARGES LEVIED AGAINST HIM IN 2004 ARE BARRED BY THE STATUTE OF LIMITATIONS | 4 |
| POINT III | |
| PLAINTIFF'S CLAIMS RELATIVE TO HIS FAILURE TO BE PROMOTED SHOULD BE DISMISSED SHOULD THE CLAIMS CONCERNING THE ALLEGED PROTRACTION OF THE DISCIPLINARY CHARGES BE DISMISSED | 7 |
| CONCLUSION | 8 |

## PRELIMINARY STATEMENT

This Memorandum of Law is submitted in reply to Plaintiff's Memorandum of Law in opposition to Defendant's Motion for Partial Dismissal.

## STATEMENT OF FACTS

Defendant presumes the Court's familiarity with the facts of this case as outlined in Defendant's previously submitted Memorandum of Law and respectfully refers the Court to the Memorandum and the affidavit of Matthew Nothnagle accompanying the Motion for Partial Dismissal of the complaint.

## LEGAL ARGUMENT

## POINT I

### PLAINTIFF FAILS TO SUFFICIENTLY ALLEGE A CAUSE OF ACTION FOR A FIRST AMENDMENT VIOLATION RELATIVE TO RETALIATORY ACTS CONCERNING HIS ASSIGNMENTS AND RESPONSIBILITIES

a.   **Plaintiff fails to allege an adverse employment action.**

Plaintiff argues that the allegations contained in the complaint sufficiently place Defendants on notice of his claims. A review of the complaint, however, refutes this contention. While it is true that "a complaint attacked by a *Rule 12(b)(6)* motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do." *Bell Atlantic Corp. v. Twombly*, --- U.S. ----, 127 S.Ct. 1955, 1964 (2007) (internal quotation marks, citations, and alterations omitted). A plaintiff must assert "enough facts to state a claim to relief that is plausible on its face." *Id.* at 1974. This standard obligates "a pleader to amplify a

1

claim with some factual allegations in those contexts where such amplification is needed to render the claim *plausible.*" *Iqbal v. Hasty,* 490 F.3d 143, 157-58 (2d Cir.2007).

As argued in Defendant's Motion to Dismiss, in order to establish a cause of action for a First Amendment retaliation claim, Plaintiff must allege that the employment actions taken against him were adverse. *Konits v. Valley Stream Cent. High School Dist.,* 394 F.3d 121, 124 (2d. Cir. 2005). Merely concluding that he was given "dead end" assignments absent concrete allegations that he suffered a materially adverse change to his employment is insufficient. Plaintiff's characterization of "dead end" assignments merely establishes his personal opinion on the assignments and does not reflect how, in any way, the assignments and/or responsibilities were adverse. Plaintiff's mere dislike or personal characterization of his job assignments and responsibilities do not establish a First Amendment violation.

In *Morris v. Lindau,* 196 F.3d 102 (2d. Cir. 1999) where plaintiff alleged that a transfer in assignments was an adverse employment action, the court noted that the "transfer must be accompanied by a negative change in the terms and conditions of employment." Moreover, the Court should keep in mind that "a transfer or reassignment involving no loss of pay and only minor changes to working conditions will generally not constitute an adverse job action." *Noyer v. Viacom,* 22 F.Supp.2d 301 (S.D.N.Y. 1998)(citing *Renaldi v. Manufacturers and Traders Trust Co.,* 954 F.Supp.2d 614, 618 (W.D.N.Y. 1992)

Plaintiff's allegations of "dead end" assignments are similar to allegations concerning transfers of positions, as outlined above. Plaintiff does not satisfy the adverse employment action prong in the absence of any concrete allegation that his assignments

were accompanied by a negative change in material terms of his employment. The complaint does not allege that the deprivation of assignments or responsibilities affected Plaintiff's salary nor does it allege that it affected his benefits or title. The complaint is further devoid of any allegation that the assignments or responsibilities allegedly lost by Plaintiff were required for further advancement. Simply because Plaintiff surmises in his opposition that sufficient notice was given to the Defendant of his claims does not make it so. Plaintiff's reference to "dead end" assignments with nothing more, is a conclusory statement and lacks any articulation of any benefit of substance that has been lost.

Additionally, Plaintiff's assertion that a complaint should not be dismissed "unless is [sic] appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief" (see Plaintiff's Memorandum of Law in Opposition, p. 8) is erroneous under the recent Supreme Court case of *Bell Atlantic Corp. v. Twombly, supra*. Despite Plaintiff's unnecessary assertion that the Defendant is apparently ignorant of the pleading rules, Defendant, unlike Plaintiff, is able to accurately set forth the holding in *Bell, supra* which overturned the "beyond doubt" standard to which Plaintiff cites and erroneously relies upon. Under the plausibility standard which controls in this matter, Plaintiff has not and cannot prove any set of facts to support his claims.

Where, as here, applying the correct standard, Plaintiff fails to sufficiently allege a First Amendment violation relative to his assignments and responsibilities, Plaintiff's complaint concerning these claims must be dismissed.

## POINT II

## PLAINTIFF'S CLAIMS CONCERNING THE DISCIPLINARY CHARGES LEVIED AGAINST HIM IN 2004 ARE BARRED BY THE STATUTE OF LIMITATIONS

a.  **Plaintiff fails to establish that his claims relative to the disciplinary charges of 2004 are not time-barred.**

In opposition to Defendant's Motion to Dismiss the claims concerning Plaintiff's disciplinary charges, Plaintiff attempts to circumvent the three-year statute of limitations period by arguing that Defendant Dubois became aware that the disciplinary charges against plaintiff were baseless within the prior three years. Therefore, Plaintiff contends that the claims are actionable.

Initially, it should be noted that despite Plaintiff's contention that the complaint makes clear that Defendant Dubois allegedly became aware of the baselessness of the disciplinary charges within the last three years, this unequivocally is not the case. Nowhere in the complaint is this fact alleged. Indeed, Plaintiff fails to allege when Defendant Dubois became aware of this information. (See Complaint).

A review of the complaint reflects that immediately prior to the allegation that Defendant Dubois purportedly became aware of the baselessness of the disciplinary charges, the only time period referenced is three and one half years, a period clearly beyond the statute of limitations. (See Complaint, ¶¶ 6, 7). Despite Plaintiff's attempt to amend the allegations in his complaint by providing statements of explanation in the present opposition, the simple fact is that the complaint fails to clearly set forth the period of time relative to the allegation that Defendant Dubois became aware of the baselessness of the charges. As argued previously, the statute of limitations begins to run at the time of the unconstitutional act or wrong that is the basis of Plaintiff's action. *Chardon v.*

*Fernandez,* 454 U.S. 6, 8, 102 S.Ct. 28, 70 L.Ed.2d 6 (1981). Thus, in this regard, as the complaint is silent on when Defendant Dubois became aware of the baselessness of the disciplinary charges against Plaintiff, this claim should be dismissed as time-barred. (See *Eng v. New York City Police Dept.,* 1996 WL 521421, *6 (S.D.N.Y., 1996) where the court held that plaintiff's failure to particularize the dates of the alleged wrongful action prevented it from determining the timeliness of plaintiff's claims and therefore, held the claims to be time-barred).

Inasmuch as the complaint is silent relative to when Defendant Dubois purportedly obtained knowledge of the information above, Plaintiff attempts to bootstrap this claim with his allegation that the arbitration was protracted for three years, to circumvent the statute of limitations. Clearly, these are two separate issues which Plaintiff intentionally lumped into one, in the hopes that the ambiguity between the two claims would weigh in favor of permitting an obviously time-barred claim to move forward. It is telling that Plaintiff offers no authority to support his arguments and merely relies on an attempt to distinguish the present matter with the case of *Chittenden v. Connors,* 460 F.Supp.2d 463 (S.D.N.Y., 2006), cited by the Defendant in the previously submitted Memorandum of Law. As argued therein, *Chittenden, supra,* is factually similar to the present matter and supports the conclusion that Plaintiff's claims concerning the disciplinary action taken against him are time-barred.

**b.    Plaintiff abandoned any claims concerning the commencement of the disciplinary proceedings levied against him in 2004.**

In opposition to Defendant's Motion to Dismiss the allegations pertaining to disciplinary charges levied against Plaintiff in 2004, Plaintiff argues that the heart of his claim relate to the allegations that "after the charges were initiated, their maker came to

5

understand that the charges were frivolous and maintained them in retaliation for constitutionally protected activity." (See Plaintiff's Memorandum of Law in Opposition, p. 7). Plaintiff does not oppose and specifically differentiates his claims from the initiation of the disciplinary charges. Thus, he has effectively abandoned any claims to the commencement of the disciplinary proceedings. *See Jones v. Goord,* 435 F.Supp.2d 221 (S.D.N.Y. 2006). As such, any claims relating to the initiation of the charges by Defendant must be dismissed.

c.  **Plaintiff fails to allege a continuing violation to extend the statute of limitations.**

Plaintiff argues that "[t]he constitutional wrong here is defendant's ongoing retaliation against the plaintiff." (See Plaintiff's Memorandum of Law in Opposition, p. 6). To the extent this can be construed to assert a continuing-violation exception, extending the statute of limitations, Plaintiff fails to establish his entitlement to this exception.

The continuing-violation exception "extends the limitations period for all claims of discriminatory acts committed under [an ongoing policy of discrimination] even if those acts, standing alone, would have been barred by the statute of limitations." *Lightfoot v. Union Carbide Corp.,* 110 F.3d 898, 907 (2d Cir.1997). However, "a continuing violation is not established merely because an employee continues to feel the effects of a discriminatory act on the part of the employer. To hold otherwise would render meaningless the time limitations imposed on discrimination actions." *Lightfoot,* 110 F.3d 898, 907-908.

Plaintiff's claim of retaliation based on the ongoing process involved with the disciplinary charges levied against him does not establish a continuing violation to

6

warrant extending the statute of limitations from 2004, when the disciplinary charges were filed, to the present. Plaintiff is merely asserting a continued effect of the alleged wrongful charges, the type of allegation which the court in *Lightfoot, supra,* noted was insufficient to establish entitlement to the exception. *Lightfoot,* 110 F.3d 898, 907-908. Thus, despite Plaintiff's attempt to circumnavigate the statute of limitations, the claims concerning the disciplinary charges of 2004 should be dismissed.

### POINT III

### PLAINTIFF'S CLAIMS RELATIVE TO HIS FAILURE TO BE PROMOTED SHOULD BE DISMISSED SHOULD THE CLAIMS CONCERNING THE ALLEGED PROTRACTION OF THE DISCIPLINARY CHARGES BE DISMISSED

Though Plaintiff's claims concerning the lack of promotion were not addressed in Defendant's initial motion, the Court should dismiss these claims if the claims concerning the protraction of the disciplinary charges are found to be meritless, as the issued is raised for the first time in Plaintiff's opposition.

In response to Defendant's Motion requesting dismissal of claims based on the statute of limitations, Plaintiff asserts that "[a]s in Chittendon [sic], supra., the mere pendency of such charges can preclude a person from being promoted...." (See Plaintiff's Memorandum of Law in Opposition, p. 8). Plaintiff is hoist with his own petard as he clearly concedes that it is permissible to deny promotion where a disciplinary action is pending. Thus, if no constitutional violation can be established relative to the duration of the pendency of the disciplinary charges, his promotion claims are without merit.

## CONCLUSION

For the foregoing reasons, Defendant's Motion to Dismiss should be granted, partially dismissing Plaintiff's complaint, for failing to state a claim upon which relief can be granted, and because Plaintiff failed to file the action in a timely manner.

April 4, 2008
Goshen, New York

                                                Matthew J. Nothnagle (MN-4162)
                                                Senior Assistant County Attorney