```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------x
SKEET DUNN,
                              Plaintiff,
                                                                    08 Cv. 1846 (CLB)
           - against -
                                                                    Memorandum and Order
CARL DUBOIS, sued in his official and
individual capacities,

                              Defendant.
----------------------------------------------------------x
```

Brieant, J.

Before this Court in this civil rights action is a motion filed by Defendant Carl DuBois, Sheriff of Orange County, on March 24, 2008 for partial dismissal pursuant to Rule 12(b)(6). (Doc. 4.) Plaintiff filed his opposition on March 30, 2008 and Defendant filed his reply on April 4, 2008. Oral arguments were held on April 18, 2008 and this Court reserved decision.

**Facts**

Plaintiff Skeet Dunn, a Deputy Sheriff in Orange County, commenced this § 1983 action against Defendant Carl DuBois in his official and individual capacities on February 25, 2008. Plaintiff alleges that Defendant violated his First Amendment rights by pursuing for over three years baseless disciplinary charges against him for an off-duty incident in 2004, by preventing his promotion to Sergeant on at least seven occasions, and by depriving him of assignments and responsibilities commensurate with his training and ability, in retaliation for Plaintiff's mother's public opposition to Defendant's election and re-election. Plaintiff's mother is a state legislator.

1

Plaintiff alleges that "Defendant DuBois explicitly told plaintiff that he was a political problem for him and that's how he would have to handle him." (Compl. ¶ 9.)

Defendant moves pursuant to Rule 12(b)(6) for an order partially dismissing the Complaint on the grounds that Plaintiff's claims concerning the disciplinary charges are barred by the statute of limitations and his claims concerning his job assignments are insufficient to establish an adverse employment action. In his opposition, Plaintiff argues that the Complaint has provided Defendant with adequate notice of Plaintiff's claims and is not time barred.

## Discussion

Defendant first argues that Plaintiff's First Amendment claims concerning disciplinary charges levied against him in 2004 are barred by the statute of limitations. "The statute of limitations applicable to claims brought under . . . [42 U.S.C. §] 1983 in New York is three years." *Patterson v. County of Oneida*, 375 F.3d 206, 225 (2d Cir. 2004). This action was commenced in February 2008. Plaintiff alleges that Defendant initiated baseless disciplinary charges against him in "early 2004," but continued to pursue the charges for more than three and one half years until an arbitrator finally dismissed all charges against Plaintiff on November 2, 2007. (Pl.'s Br.2-3.) Plaintiff argues that, within the statute of limitations period, Defendant became aware that the disciplinary charges against Plaintiff were baseless and failed to dismiss them voluntarily.

The statute of limitations runs from the time "the plaintiff knows of the injury on which the claim is based." *Jaghory v. N.Y. State Dep't of Educ.*, 131 F.3d 326, 331 (2d Cir. 1997); *see also Chittenden v. Connors*, 460 F. Supp. 2d 463, 466 (S.D.N.Y. 2006) (holding that the statute of limitations began to run when the plaintiff learned of the allegedly retaliatory disciplinary charges, and dismissing the plaintiff's civil rights claims based on these charges because the plaintiff filed his Complaint more than three years thereafter). Plaintiff is charged with knowledge that the disciplinary charges Defendant initiated against him were baseless at the time the charges were filed in early 2004, more than three years prior to when this action was commenced. Thus, Plaintiff's claims based on the 2004 disciplinary charges are time-barred and are dismissed.

Defendant next argues that Plaintiff's allegations that Defendant deprived him of assignments and responsibilities commensurate with his training and ability should be dismissed because Plaintiff's complaint failed to allege when these acts occurred. Plaintiff responds that this is an issue that can be addressed during discovery and does not, at this stage, require dismissal of this claim.

To survive a motion to dismiss for failure to state a claim, Plaintiff's complaint must provide enough detail to render claims plausible. *See Iqbal v. Hasty*, 490 F.3d 143, 157-58 (2d Cir. 2007 ("[W]e believe the [Supreme] Court [in *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955 (2007),] is not requiring a universal standard of heightened fact pleading, but is instead requiring a flexible "plausibility standard," which obliges a pleader to amplify a claim with some

factual allegations in those contexts where such amplification is needed to render the claim plausible."). To establish a First Amendment retaliation claim, "Plaintiff must show: (1) [his] speech was constitutionally protected, as a result of which (2) [he] suffered an adverse employment decision, and (3) a causal connection existed between the speech and the adverse employment decision, so that it can be said that [his] speech was the motivating factor in the determination." *Gronowski v. Spencer*, 424 F.3d 285, 292 (2d Cir. 2005).

It seems to this Court that this issue can be addressed by allowing Plaintiff to amend the Complaint to add specific dates. Assuming the dates are within the statute of limitations, Plaintiff has stated facts sufficient to make out a plausible claim for First Amendment retaliation. Thus, Defendant's motion to dismiss these claims relating to Defendant's allegedly depriving Plaintiff of assignments and responsibilities commensurate with his abilities and training should be denied at this time. Plaintiff may file an Amended Complaint within twenty (20) days from today which will contain particularized dates of the alleged retaliatory acts.

The Court declines at this time to make the finding contemplated by Rule 54(b) of the Federal Rules of Civil Procedure.

A conference of counsel with the Court for the purpose of entering into a case management plan will be held on Friday, May 9, 2008 at 9:00 A.M.

SO ORDERED.

Dated: White Plains, New York
       April 21, 2008

*Charles Brieant*
Charles L. Brieant, U.S.D.J.